UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MAZHAR HAJHOSSEIN and JESSICA HINES,

Plaintiffs,

v.  609CV048

CITY OF STATESBORO,

Defendant.

# ORDER

## I. BACKGROUND

Mazhar Hajhossein and his wife, Jessica Hines, initiated this suit following Hajhossein's demotion from the position of City Engineer for the City of Statesboro. Doc. # 1. Hajhossein has launched claims of race- and national origin-based discrimination, retaliation, and hostile work environment, allegedly pursuant to both Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, as well as claims under Georgia law for intentional infliction of emotional distress, negligent hire and retention, and loss of consortium. *Id.* Hines brings only a claim of loss of consortium linked to her husband's claims. *Id.*

The City of Statesboro ("the City") filed a F.R.Civ.P. 12(b)(6) motion to dismiss Plaintiffs' state law claims based on Plaintiffs' failure to comply with O.C.G.A. § 36-33-5, which requires a litigant suing a municipality to allege in his complaint that he gave timely written ante litem notice of his state law claims to the municipality at least thirty days before filing suit. Doc. # 7-1 at 2. Additionally, the City urged that Plaintiffs' claims for punitive damages against it should be dismissed because the award of such damages is not authorized against a governmental entity under the causes of action at issue in this case. *Id.* at 3.

Plaintiffs responded by moving for leave to amend their Complaint, in order to allege that ante litem notice had been given as to the state law claims, and also so that it could add claims pursuant to 42 U.S.C. § 1983. Doc. # 13 at 1.

The Magistrate Judge addressed the Plaintiffs' request to add claims pursuant to § 1983, which he denied due to fundamental pleading errors and deficiencies. Doc. # 20 at 5. The Magistrate Judge reserved for the District Court the issue of whether to allow the Plaintiffs' amendment to cure the ante litem notice pleading deficiencies, reasoning that the issue was better suited for consideration in conjunction with the City's still pending motion to dismiss. *Id.* at 5-6.

Thus, presently before the Court is the City's motion to dismiss: (a) Plaintiffs' state law claims for failure to allege that ante litem notice had been properly given; and (b) Plaintiffs' claims for punitive damages against the City. Doc. # 7-1. Also before the Court is Plaintiffs' intertwined request for leave to amend their complaint to plead ante litem notice. Doc. # 8.

## II. ANALYSIS

### A. Ante Litem Notice

#### 1. *Applicable Law*

O.C.G.A. § 36-33-5(b) requires, as a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property, that the claim be presented to the municipal authorities within six months of the "happening of the event upon which" the claim is predicated. *City of Chamblee v.*

*Maxwell*, 264 Ga. 635, 635 (1994). Upon giving ante litem notice, a plaintiff may not bring suit until after the municipal authorities have acted upon the claim or have failed to take action thereon within thirty days. *Jones v. City of Austell*, 166 Ga. App. 808 (1983). The object of the ante litem notice is to enable the municipality to investigate the claim and determine whether the claim should be adjusted without suit or whether to contest its validity in the courts. *Dennis v. City of Palmetto*, 130 Ga. App. 242, 242 (1973).

Pursuant to F.R.Civ.P. 15(a)(2), leave to amend should be freely given when justice so requires. While discretion to grant leave to amend a pleading lies with the trial court, a justifying reason must be apparent for the denial of a motion to amend. *Foman v. Davis*, 371 U.S. 178 (1962). The Court, however, may properly deny leave to amend a complaint under Rule 15(a)(2) when such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

### 2. *Allegations of Notice*

In its original form, Plaintiffs' Complaint lacks any mention whatsoever of ante litem notice as to any of the state law claims. Recognizing that their claims for intentional infliction of emotional distress, negligent hiring and retention, and two counts of loss of consortium are state law claims for which ante litem notice must have been given and alleged, Plaintiffs seek to amend their Complaint in a variety of ways in order to fulfill the pleading requirement.

First, Plaintiffs "contend[] that adequate ante litem notice was provided to Defendant by Plaintiff[s'] correspondence with the City on October 30, 2008 and December 8, 2008 for purposes of the *intentional infliction of emotional distress* and *negligent hiring and retention* claims," and they seek to amend their Complaint to make reference to this correspondence.[1] Doc. # 8 at 1-2 (emphasis added). Additionally, in Plaintiffs' response to Defendant's motion to dismiss, Plaintiffs "concede that notice of Plaintiffs['] *loss of consortium* was not provided" prior to the filing of Plaintiffs' Complaint on April 22, 2009. *Id.* at 2, 10. Plaintiffs urge, however, that the filing of their Complaint containing claims for loss of consortium served as a form of ante litem notice, and that, since their loss of consortium claim is "on-going and continuing," they should now be able to amend their Complaint to plead that ante litem notice was given (on the date the Complaint was originally filed), entitling them to damages for loss of consortium suffered during the six months preceding the filing of their Complaint. *Id.* at 2.

### a. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

As discussed above, Plaintiffs aver that their October 30, 2008 and December 8, 2008 letters to counsel for the City constituted ante litem notice as to Plaintiff Hajhossein's intentional infliction of emotional distress claim. Plaintiffs therefore seek to amend their Complaint to reference the fact that they gave such notice.

The City urges the Court to deny the amendment as futile since Plaintiff Hajhossein's intentional infliction of emotional distress claim is otherwise subject to dismissal for failure to state a claim for relief. Doc. # 16 at 2; *see Foman*, 371 U.S.

---

[1] Notably, however, the "first amended complaint" that Plaintiffs filed with their motion only alleges ante litem notice with regard to the intentional infliction of emotional distress claim. *See* doc. # 13-1 at 16 ("Plaintiff sent ante litem notice to the City of Statesboro on October 30, 2008 and again on December 8, 2008 in support of its claim for *intentional infliction of emotional distress*.") (emphasis added); *id.* at 15-16 (claim for negligent hire and retention void of ante litem notice pleading).

2

at 182 (futility of amendment is a sufficient reason to deny leave to amend a pleading); *Fetterhoff v. Liberty Life Assur. Co.*, 282 Fed. Appx. 740 (11th Cir. 2008) ("An amendment is futile where it fails to state a claim for relief.").

In order to recover for intentional infliction of emotional distress under Georgia law, a plaintiff must prove: (1) that the defendant engaged in intentional or reckless conduct; (2) that the conduct was extreme and outrageous; (3) that there is a causal connection between the wrongful conduct and plaintiff's emotional distress; and (4) that plaintiff's emotional distress is severe. *Yarbray v. S. Bell Tel. & Tel. Co.*, 261 Ga. 703, 706 (1991). Whether a claim rises to the requisite level of outrageousness and egregiousness is a question of law to be determined by the court. *Id.* Liability has been found only where the defendant's conduct was "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 488 (2001). Notably, however, the existence of a special relationship between the actor and victim, such as that of employer to employee, may make otherwise non-egregious conduct outrageous. *Trimble v. Circuit City Stores, Inc.*, 220 Ga. App. 498, 499 (1996). The City claims that Hajhossein has failed to allege sufficient facts to "raise his right to relief above a speculative level." Doc. # 16 at 8.

In considering a Rule 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). In keeping with the requirement of F.R.Civ.P. 8(a)(2) that a complaint give only a "short and plain statement of the claim," a complaint need not provide detailed factual allegations. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Nonetheless, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. A plaintiff must provide enough factual allegations (which are assumed to be true) "to raise a right to relief above the speculative level." *Id.* at 1965; *see also Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (plaintiffs must allege specific factual bases for their legal conclusions to avoid dismissal of their claims).

Hajhossein claims that the City's "conduct of racial discrimination, racially hostile environment, national origin discrimination, national origin hostile environment, and retaliation ... was severe, pervasive, and exceeded any reasonable or civilized conduct which should occur in the workplace [and caused] Hajhossein [to] suffer[] severe emotional distress." Doc. # 1 at 14. Previously in the Complaint, Hajhossein, who states that he is of "Palestinian" origin and "middle-eastern [sic] ... race," *id.* at 3, alleged that certain department heads referred to him using racial slurs (i.e., "sand nigger") and that "nothing was done [by the City] to stop the slurs from being made. *Id.* at 5.

Even considering the fact that the alleged conduct took place in an employment setting, Hajhossein's Complaint fails to state a claim for intentional infliction of emotional distress. To begin with, Hajhossein crippled his chances at surviving this motion to dismiss by pleading vague allegations without much detail regarding the City's alleged wrongful conduct. He hinges much of his claim on his demotion (which he claims was prompted by a discriminatory motive by the City). Even if Hajhossein was demoted due

3

to racial animosity, his claim does not necessarily rise to the requisite level of outrageousness. The Eleventh Circuit has held that even *termination* for improper reasons "does not constitute the egregious kind of conduct on which a claim of intentional infliction of emotional distress can be based." *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992). And "improper reasons" include discriminatory ones. *See Atakpa v. Perimeter OB-GYN Assocs., P.C.*, 912 F. Supp. 1566, 1577 (N.D. Ga. 1994) (finding no indication that the defendant's conduct, even if it were deemed to violate Title VI or the ADA, was motivated by any desire to humiliate, frighten, or anger the plaintiff).

Furthermore, Hajhossein's barebones claim that the City did nothing to stop the use of racial slurs by other department heads does not allege the requisite intentional conduct by the City. That is, he has not alleged that the City was aware that some of its department heads had used racial slurs in reference to Hajhossein. Moreover, the vague alleged use of slurs does not rise to the level of extremeness or outrageousness required in Georgia to state a claim for intentional infliction of emotional distress. *Compare Lockhart v. Marine Mfg. Corp.*, 281 Ga. App. 145, 147-48 (comments made to African-American employee by various employees and supervisors concerning, for instance, the Ku Klux Klan, food stamps, and the word "nigger," though "racially-laden, rude, and insensitive," did not rise to a level of egregious or outrageous behavior so as to sustain a claim for intentional infliction of emotional distress), *with Coleman v. Hous. Auth. of Americus*, 191 Ga. App. 166, 169 (1989) (sufficient claim where female plaintiff claimed that her male supervisor's campaign of sexual harassment included giving her pornographic videotapes, showing her sexually explicit cartoons, inquiring about her marital sexual relations, and repeatedly barraging her – for three years straight – with abusive, obscene, racist, and sexual jokes). Here, Hajhossein has not alleged that the slurs were directed at him (i.e., to his face), nor that they were pervasive (i.e., made by numerous department heads and/or made on more than one occasion).

The Court thus concludes that Hajhossein's Complaint fails to set forth sufficient factual allegations to satisfy the *Twombly* standard, as it relies upon the type of blanket assertion of entitlement to relief that cannot withstand a motion to dismiss. *See Twombly*, 127 S. Ct. at 1965 (A plaintiff must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim.). As a result, leave to amend to add allegations of ante litem notice with regards to the intentional infliction of emotional distress claim is denied, doc. #8, and the City's motion to dismiss the claim is granted, doc. # 7.

### b. NEGLIGENT HIRING AND RETENTION

Plaintiffs seek leave to amend their Complaint in order to allege that ante litem notice was given regarding the state law claim for negligent hiring and retention. Doc. # 8 at 2, 5-6. The City has presented no argument in opposition to this particular request. However, Plaintiffs are advised that their proposed amended complaint is void of any allegations regarding ante litem notice as to this particular claim. As a result, Plaintiffs are granted leave to amend their Complaint to allege that ante litem notice was given as to the negligent hiring and retention claim, *id.*, but Plaintiffs would be remiss if they failed to promptly provide an updated Amended Complaint correcting this deficiency.

### c. LOSS OF CONSORTIUM

Plaintiffs concede that they failed to give ante litem notice regarding their loss of consortium claims prior to filing their Complaint in April 2009. They attempt, however, to persuade the Court that their original Complaint is itself a proper form of ante litem notice, so that they may now assert (in an Amended Complaint) that ante litem notice was given on April 22, 2009 as to all loss of consortium "injuries" that may have accumulated during the six months prior to the filing of the Complaint/ante litem notice. *Id.* at 2. Even assuming Plaintiffs have valid claims for loss of consortium during the six months preceding the filing of their Complaint, however, the scheme they propose cannot save their claims.

In *Atlanta Taxicab Owners Ass'n, Inc. v. City of Atlanta*, in an attempt to cure its failure to give ante litem notice prior to filing its complaint, Plaintiff Association amended its complaint to withdraw its unnoticed claims, served ante litem notice as to those claims, and, more than thirty days later, again amended its complaint to allege ante litem notice and assert its claims for the six months prior to the giving of notice. 281 Ga. 342, 349 (2006). The court held that "because the giving of ante litem notice is a condition precedent to bringing suit against a municipality, the notification itself cannot be accomplished by amendment after suit has been filed." *Id.* at 351. The court explained:

> If the notice could be given by amendment, that would defeat the very purpose of O.C.G.A. § 36-33-5, which is to provide the municipality with an opportunity to investigate before litigation is commenced so as to determine whether suit can be avoided. "'The act by its terms clearly prevents the filing of a suit against the municipality until after the expiration of thirty days from the filing of the claim in writing with the municipal authorities as required.' [Cit.]" *Jones*, [166 Ga. App.] at 810.

*Id.* The Court, however, held that because the Association had dismissed its original claim, and had only reasserted it after giving notice and waiting thirty days for the state to take any action (and had only asserted the new claim as to the occurrence(s) happening within the six months prior to the giving of notice), the purpose of the ante litem statute was not defeated. *Id.* at 352. The Court therefore allowed the amended claim to proceed. *Id.*

Here, Plaintiffs have not even tried, as the plaintiff in *Atlanta Taxicab Owners Ass'n* did, to dismiss and *reassert* their claims after giving notice, but have merely attempted to parlay their Complaint into a make-shift ante litem notice so that they may maintain the claims they originally pled in that Complaint (although they admit that the applicable "six months prior" period would apply based on the date of their original Complaint). The Court finds that Plaintiffs' scheme does not comport with O.C.G.A § 36-33-5's purpose of giving a city an opportunity, *prior to the commencement of litigation*, to investigate and contemplate settlement of claims. Unlike the plaintiff in *Atlanta Taxicab Owners Ass'n*, plaintiffs here have not provided the City with an opportunity outside of the litigation arena to address the loss of consortium claims, as the litigation of this claim has been ongoing since the filing of Plaintiffs' Complaint.

For the foregoing reasons, and because Plaintiffs have conceded that they have not otherwise given the City proper ante litem notice of their loss of consortium claims, Plaintiffs cannot be granted leave to amend

5

their Complaint to allege that such notice has been given. As a result, their motion for leave to amend the loss of consortium claims is denied, doc. # 8, and the City's motion to dismiss the two loss of consortium claims is granted, doc. # 7.

### III. PUNITIVE DAMAGES

In the Complaint, Hajhossein seeks punitive damages on his negligent hire and retention claim, and Hines seeks them on her loss of consortium claim.[2] Doc. # 1 at 13, 17. Hajhossein also includes a general request for "[p]unitive damages as proven at trial" in his prayer for relief at the end of the Complaint. *Id.* at 16.

In its motion to dismiss pursuant to F.R.Civ.P. 12(b)(6), the City urges that "any and all claims for punitive damages should be dismissed" because punitive damages may not be recovered from municipalities via the statutory vehicles employed by Plaintiffs here (i.e., § 1983 and Title VII), and also because Georgia case law has held, as a matter of general public policy, that "an award of punitive damages against a governmental entity is ... impermissible as a matter of law" without a statute permitting such damages. Doc. # 7-1 at 3. In their response, Plaintiffs largely ignore the issue of the availability of punitive damages, save for a request to add § 1983 claims against the Statesboro city manager, since in "§ 1983 action[s] against individuals ... punitive damages [are] allowed." Doc. # 8 at 9-10. As discussed above, however, the Magistrate Judge already denied Plaintiffs leave to amend their complaint to add claims pursuant to § 1983. Doc. # 20 at 3-5. Thus, the only defendant in this case is the City.

---

[2] Hajhossein also sought punitive damages for his intentional infliction of emotional distress claim, doc. # 1 at 14, which has been disposed of in Section II.A.2.a. of this Order.

Under Georgia law, in the absence of a statute authorizing punitive damages, such damages ordinarily may not be recovered in a tort action against a municipality. *See MARTA v. Boswell*, 261 Ga. 427 (1991); *City of Lafayette v. Morgan*, 220 Ga. App. 543 (1996). As properly argued by the City, §§ 1981 and 1983, and Title VII do not authorize the recovery of punitive damages against municipalities. *See City of Newport v. Fact Concerts, Inc.*, 453 247 (1981) (municipality cannot be liable for punitive damages in a § 1983 action); *Walters v. City of Atlanta*, 803 F.2d 1135, 1148 (11th Cir. 1986) (municipalities generally exempt from punitive damages liability on § 1981 claims against them); *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1364 (11th Cir. 1982) (compensatory and punitive damages are unavailable in Title VII employment discrimination suits). Plaintiffs have cited no authority otherwise authorizing their punitive damages claims. As a result, the City's motion to dismiss Plaintiffs' claims for punitive damages is granted. Doc. # 7.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is ***GRANTED IN PART***, and ***DENIED IN PART***. Doc. # 13. That is, Plaintiffs are granted leave to amend their Complaint, but only in order to allege that ante litem notice was given prior to bringing suit with regard to the negligent hiring and retention claim. Plaintiffs' request for leave to amend in order to allege that ante litem notice was given with regards to the claims of intentional infliction of emotional distress and loss of consortium, however, is denied.

Additionally, the City's motion to dismiss is ***GRANTED IN PART***, and ***DENIED IN PART***. Doc. # 7. In particular, the City's motion to dismiss is granted as to Plaintiffs' punitive damages claims, intentional infliction of emotional distress claim, and loss of consortium

6

claims. The motion to dismiss is denied, however, as to the negligent hiring and retention claim.

This day of 11 February 2010.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA