UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MAZHAR HAJHOSSEIN,

Plaintiff,

v.  609CV048

MAYOR AND CITY COUNCIL OF STATESBORO, GA,

Defendant.

## ORDER

## I. INTRODUCTION

On 4/20/09, Plaintiff Mazhar Hajhossein filed suit against the City of Statesboro, Georgia ("the City" or "Statesboro"). Doc. # 1. The Court has since dismissed some of Hajhossein's claims but has also granted him leave to amend his Complaint in certain ways, resulting in an Amended Complaint asserting the following claims: (1) "racial discrimination and hostile environment under Title VII" of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"); (2) "national origin discrimination under Title VII"; (3) "retaliation and hostile environment under Title VII"; and (4) "negligent hire and retention" of the City Manager. Doc. # 30 at 8-11. Plaintiff also originally raised state law claims for loss of consortium, intentional infliction of emotional distress, and negligent hire and negligent retention. Doc. # 1 at 12-17. On 2/12/10, the Court entered an Order dismissing those claims, finding in particular that he had not stated a claim for intentional infliction of emotional distress because the facts alleged were not sufficiently egregious, and they did not allege any intentional conduct by the City. Doc. # 29 at 3-4. Presently before the Court is a motion for partial summary judgment filed by the City, in which it seeks the dismissal of Plaintiff's negligent hire and retention claim. Doc. # 32.

## II. BACKGROUND

Hajhossein describes himself as being "of Middle Eastern descent and Palestinian ... origin." Doc. # 30 at 1. Hajhossein began his employment with the City of Statesboro in 1996. Id. at 3. In 2004, he was promoted to the position of City Engineer, meaning he oversaw the City's Engineering Department. Id. His immediate supervisor was the City Manager. Id. Hajhossein reports no trouble with his employment until July of 2008, when the existing City Manager resigned, and Shane Haynes was hired for the city manager position. Id.

Hajhossein alleges that, "[w]hile [Haynes was] City Manager of [another town, prior to becoming City Manager of Statesboro], several claims and allegations of racial discrimination and retaliation had been lodged based on personnel actions taken by the City, in general, and Mr. Haynes, in particular." Id. at 4. According to Hajhossein, the City hired Haynes without making a sufficient inquiry into his work history. Id. at 11. Hajhossein urges that if the City had made a proper investigation, it would have discovered that Haynes "posed a reasonably foreseeable risk of again discriminating or retaliating against minority employees." Id.

In his Amended Complaint, Hajhossein alleges that Haynes criticized him "for his efforts to assure that the African American residents [in] Statesboro received on a nondiscriminatory basis [c]ity projects and engineering services," and he accused Hajhossein of being "in the 'pocket' of the

City's only black councilman." *Id.* at 6. About two months after Haynes took over the city manager position, Hajhossein was demoted from the position of City Engineer to a junior level staff engineer, resulting in a large salary reduction. *Id.* at 5-6. He complained to the City in writing that he believed that he was demoted because he had been providing services to African Americans. *Id.* at 6.

Hajhossein avers that he was thereafter retaliated against by city employees. *Id.* at 6-7. He claims that "the workplace … bec[a]me a cold and hostile place for [him] to work." *Id.* at 7. Hajhossein then filed his Complaint initiating the present action. Doc. # 1. The City has already successfully moved the Court for the dismissal of several of Hajhossein's claims, doc. # 29, and the City now moves for summary judgment on Hajhossein's claim that the City negligently hired and retained Haynes. Doc. # 32.

## III. <u>LEGAL STANDARDS</u>

### A. Summary Judgment

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). The moving party is "entitled to a judgment as a matter of law" when the nonmoving party fails to make a sufficient showing on an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether summary judgment is appropriate, the facts and inferences from the record are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Negligent Hire and Retention

Under Georgia law, "a defendant employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's 'tendencies' or propensities that the employee could cause the type of harm sustained by the plaintiff." *Tomczyk v. Jocks & Jills Rests., LLC*, 198 F. App'x 804, 815 (11th Cir. 2006) (citing *Munroe v. Universal Health Servs., Inc.*, 277 Ga. 861 (2004)). A plaintiff states a claim for negligent hiring and retention if "the employer, in the exercise of reasonable care, should have known of an employee's reputation for … [racial] harassment and that it was foreseeable that the employee would engage in … [racial] harassment of a fellow employee but he was continued in his employment." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1329 (N.D. Ga. 2009) (quoting *Orquiola v. Nat'l City Mortg. Co.*, 510 F. Supp. 2d 1134, 1162 (N.D. Ga. 2007)); *see also H.J. Russell & Co. v. Jones*, 250 Ga. App. 28, 30 (2001) (plaintiff may state a cause of action for negligence against an employer "if the employer, in the exercise of reasonable care, should have known of an employee's reputation for sexual harassment and that it was foreseeable that the employee would engage in sexual harassment of a fellow employee but he was [hired and/or] continued in his employment"). A claim for negligent hire or retention is necessarily derivative and can only survive summary judgment to the extent the underlying substantive claims survive. *See Metro. Atlanta Rapid Transit Auth. v. Mosley*, 280 Ga. App. 486, 489 (2006).

## IV. ANALYSIS

The City moves for summary judgment, doc. # 32, as to Hajhossein's claim (in Count VII) that the City negligently hired and retained Haynes, because it knew or should have known that he had a propensity for "discriminating or retaliating against minority employees," doc. # 30 at 11. Although the City offers two grounds for disposing of the negligent hire and retention claim, the Court focuses on and agrees with the stronger of the two: that the claim must be dismissed for lack of the necessary underlying tort.[1]

The City emphasizes the fact that Hajhossein's intentional infliction of emotional distress claim has been dismissed, and that no other Georgia law cause of action has been asserted. Doc. # 32 at 7. Thus, based upon the face of the Complaint and the undisputed facts, Hajhossein attempts to derive his negligence claim only from his allegations that Haynes discriminated against him.[2] This, however, he cannot do.

In a factually similar case, the Eleventh Circuit affirmed a determination by the Northern District of Georgia that a claimant for negligent retention based upon racial discrimination fails to state a claim under Georgia law. *Holston v. Sports Auth., Inc.*, 2000 U.S. Dist. LEXIS 21032, *adopted in pertinent part*, 136 F. Supp. 2d 1319 (N.D. Ga. 2000), *aff'd without op.*, 251 F.3d 164 (11th Cir. 2001). The Court, citing the Georgia Court of Appeals' decision in *Coleman*, explained that negligence claims can only arise from common law duties, and there is no common law duty to prevent discrimination in employment. *Id.* (citing *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 167-68 (1989)).

In a later case, the Middle District of Georgia cited *Holston* when it granted summary judgment on a negligent retention claim, explaining:

> Plaintiffs essentially attempt to create a state law negligence cause of action for discrimination in employment. Acceptance of Plaintiffs' creative legal theory would result in making virtually every employment discrimination claim actionable under state law negligence principles. If the State of Georgia desires or intends to provide its citizens with a state law remedy for employment discrimination, it has the means to do so through legislation enacted by the Georgia General Assembly. Absent a statutory or clear common law duty, this Court has no authority to abandon judicial restraint and create a new state law cause of action for employment discrimination.

*Alford v. Cosmyl, Inc.*, 209 F. Supp. 2d 1361, 1372 (M.D. Ga. 2002). The *Alford* court thus dismissed the plaintiff's negligent retention claim. *Id.*

---

[1] In his response brief, counsel for Hajhossein appeared to have ignored or overlooked the fact that the City's two arguments for summary judgment were not based on any alleged factual insufficiencies but were based entirely on legal arguments. Doc. # 32 at 5-8. Hajhossein's counsel neglected to respond at all to the issues of law raised by the City, and instead dedicated his 15-page brief to reviewing the facts of the case, most of which were not at all in dispute in the context of this motion. *See generally* doc. # 34 (focusing almost entirely on whether the City's inquiry into Hayne's prior employment was sufficient).

[2] Despite the fact that Hajhossein alleges that Haynes had a propensity to retaliate, he has not alleged that Haynes actually took any retaliatory action against him. Indeed, Hajhossein has not presented – nor has the Court found on its own review – any allegations or evidence that Haynes undertook any action directed at Hajhossein following Hajhossein's demotion and pursuant allegations of discrimination.

3

As Hajhossein has alleged nothing more than racial discrimination on the part of Haynes, he has not stated a claim against the City for its negligent hiring and retention of Haynes.

## V. **CONCLUSION**

Based on the foregoing, the Court ***GRANTS*** Defendant's partial summary judgment motion, doc. # 32, and Hajhossein's negligent hiring and retention claim (Count VII of his Amended Complaint) is ***DISMISSED***.

This day of 28 May 2010.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA